IN RE ESTATE OF HARM HINRICHS.

D. VETTE, APPELLANT, V. ESTATE OF HARM HINRICHS, APPELLEE.

FILED APRIL 17, 1913.   No. 17,166.

1. Limitation of Actions: CLAIM AGAINST ESTATE. In the fall of 1883 V. verbally assigned his crop of standing corn to H., who agreed to gather and market it, and out of the proceeds to pay certain of V.'s debts, the remainder thereof, if any, to be paid to V. H. gathered the corn, sold it in March, 1884, and paid the debts of V. specified in the agreement. V. made no demand for a settlement, and no claim that there was any balance due him from H. on account of the transaction, for more than 25 years. After the death of H., V. filed a claim against his estate for $7,095. *Held,* That the claim was barred by the statute of limitations.

2. Executors and Administrators: REJECTION OF CLAIM: EVIDENCE. Evidence examined, and *held* that, on its merits, the claim was properly rejected.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Andrew P. Moran,* for appellant.

*Paul Jessen,* contra.

BARNES, J.

Appeal from a judgment of the district court for Otoe county disallowing a claim of the plaintiff against the estate of one Harm Hinrichs, deceased. It appears that the deceased departed this life in the year 1909, and on

the 24th day of September of that year the appellant filed a claim against his estate in the county court of Otoe county for $7,095. The claim was disallowed, and plaintiff appealed to the district court for that county, where the cause was tried and the claim was again rejected.

The appellant, as a basis of his claim, alleged that in the fall of 1883 he turned over to the deceased a certain crop of corn which he had raised that season, under an agreement with the deceased to husk and gather the corn and market it, and out of the proceeds to pay certain of appellant's debts, and to account to him for the remainder; that the deceased had failed to comply with the terms of his agreement; and that there was due appellant from his estate the sum above mentioned.

The defenses interposed were: First, the statute of limitations; and, second, that after applying the proceeds of the crops to the payment of appellant's debts there was nothing due to him from the deceased.

The record shows that the deceased sold the corn in question in February or March, 1884, and seasonably paid the appellant's debts as specified in the agreement. It follows that, if there was any surplus remaining in his hands, the appellant was then entitled to demand it; and, if payment was refused, he could have recovered a judgment therefor in an action at law for that purpose. It is not claimed that appellant ever made any demand for a settlement; that deceased ever acknowledged the indebtedness, or has at any time made any payment to be credited thereon. It follows that for more than 26 years before Hinrichs' death appellant could have maintained an action against him to recover any balance due on account of the transaction which is the basis of this claim. Therefore, the district court properly held that appellant's claim was barred by the statute of limitations.

Appellant contends that the agreement in question created a trust relation between himself and the deceased, and in such case the statute of limitations does not run in favor of the trustee. We think this contention is be-

side the mark. By selling the appellant's corn and paying his debts, deceased executed the trust, if any such relation was created, and he was thereafter appellant's debtor to the amount of the proceeds, if any, still in his hands. To recover this sum appellant could have maintained an action against the deceased at any time for more than 25 years before his death.

Again, as we view the record, it clearly shows that the deceased obtained, in all, about 2,400 bushels of corn under the agreement in question. Of this, 800 bushels belonged to the owners of the land on which it was raised. This left about 1,600 bushels available for the payment of appellant's debts. It is conceded that it cost 6 cents a bushel to husk and market it, and it was sold for 26 cents a bushel, leaving the net price 20 cents a bushel. Therefore, the amount realized by the deceased was $312. Of this amount appellant admits there was paid on his debts $296, leaving a balance due, according to his own statement, of only $24 from the deceased on account of the transaction. It appears that other debts were paid; that, in addition thereto, deceased was compelled to pay for husking the landlord's share of the corn; and that at the same time he held appellant's notes in his favor amounting to more than $500.

Considering the foregoing, and the further fact that appellant at no time during the life of the deceased made any claim against him on account of the transaction in question, we conclude that on the merits the appellant was not entitled to recover.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

REESE, C. J., LETTON and SEDGWICK, JJ., concur.

ROSE, FAWCETT and HAMER, JJ., not sitting.